UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MELISSA ROSALES,                                                    **AMENDED**
                                                                    **COMPLAINT**
                                 Plaintiff,

                                                                    17 CV 2567
          -against-                                                 (NG) (JO)

                                                                    <u>Jury Trial Demanded</u>

CITY OF NEW YORK, THOMAS CHAN, Individually,
CARLOS CHU, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                 Defendants.

--------------------------------------------------------------------------------X

         Plaintiff MELISSA ROSALES, by her attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

## **<u>Preliminary Statement</u>**

         1.       Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **<u>JURISDICTION</u>**

         2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

         3.       Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## **<u>VENUE</u>**

         4.       Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff MELISSA ROSALES is a thirty-nine-year old female resident of Brooklyn, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants THOMAS CHAN, CARLOS CHU, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On January 29, 2016, at approximately 7:45 a.m., in the vicinity of Bath Avenue and Bay 35th Street in Brooklyn, New York, defendant NYPD police officers participated in using unnecessary force on plaintiff and falsely imprisoned her, and/or failed to intervene in said acts despite being present and/or aware of said of acts and abuses of authority.

13.     On the aforesaid date, at approximately 7:00 a.m., or shortly thereafter, plaintiff had taken her lawfully prescribed medications.

14.     Believing that plaintiff looked unwell after taking her medication, at approximately 7:45 a.m., plaintiff's fiancé called 911 over plaintiff's objection and despite that plaintiff had informed her fiancé that she did not feel unwell.

15.     Thereafter an ambulance, occupied by two EMTs, and a marked NYPD vehicle, occupied by two NYPD officers, defendants THOMAS CHAN and CARLOS CHU, arrived.

16.     One of the EMTs asked plaintiff to enter the ambulance.

17.     Plaintiff informed the EMT that she was refusing treatment.

18.     In response, defendants THOMAS CHAN and CARLOS CHU told plaintiff she could not refuse treatment.

19.     Plaintiff again stated that she wished to refuse treatment.

20.     Either defendant THOMAS CHAN or CARLOS CHU, in the presence of his fellow officer, then unreasonably grabbed plaintiff's right arm, threw her to the ground, and twisted her right arm behind her back, while pushing it upward toward her neck in a painful and

improper manner.

21.     Plaintiff heard a pop and informed the defendant officer who grabbed her that he had just broken her arm.

22.     Despite having been informed by plaintiff that her arm was broken, the officer who grabbed plaintiff handcuffed her behind her back.

23.     Defendants THOMAS CHAN and CARLOS CHU then lifted plaintiff up from the ground by her underarms, placed her handcuffed in the ambulance against her will, and seat belted her to a seat in the ambulance.

24.     The defendant who grabbed and injured plaintiff remained in the ambulance with plaintiff during plaintiff's transport from the aforementioned location to Coney Island Hospital.

25.     While in the ambulance, despite plaintiff's complaints of pain to her arm, no efforts were made to re-position plaintiff in a manner which would relieve the pressure on or pain emanating from her broken arm.

26.     In an effort to alleviate the pain herself, plaintiff managed to get off the seat and down on the floor.

27.     The defendant officer, however, lifted plaintiff up and sat her back on the seat, needlessly causing plaintiff further pain and discomfort.

28.     Once at Coney Island Hospital, plaintiff remained handcuffed until she was assigned a bed, and then was strapped to the bed.

29.     After several hours, x-rays were administered, which confirmed that plaintiff had in fact sustained a fracture of the olecranon base at the coronoid process of her right arm.

30.     Plaintiff remained at the hospital for approximately twelve hours before being

4

discharged to her home without any charges or other process being issued to her by any NYPD officers.

31.     Defendants THOMAS CHAN, CARLOS CHU, JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

32.     Defendants THOMAS CHAN and CARLOS CHU owed a duty to plaintiff to ensure her safety.

33.     Defendants THOMAS CHAN and CARLOS CHU breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries.

34.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, employing excessive use of force.

35.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and investigations by, without limitation, the New York City Department of Investigation Office of the Inspector General for the NYPD that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.  *See e.g.:*
http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_report_-_oct_1_2015.pdf.

In particular, the investigation by the New York City Department of Investigation Office

of the Inspector General acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the use-of-force policy in place at the time of the incident was "vague and imprecise, providing little guidance to individual officers on what actions constitute force."  The investigation further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

36.     Defendant CITY OF NEW YORK is further aware that such improper training and policies have often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

37.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

38.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39.     All of the aforementioned acts deprived plaintiff MELISSA ROSALES, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

41.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43.    As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

## <u>Federal Claims</u>

### AS AND FOR A FIRST CAUSE OF ACTION
<u>(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)</u>

44.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.    Defendants unlawfully imprisoned plaintiff MELISSA ROSALES, without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

46.    As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MELISSA ROSALES'S constitutional rights.

49.     As a result of the aforementioned conduct of defendants, plaintiff MELISSA ROSALES was subjected to excessive force and sustained physical and emotional injuries.

50.     As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

53.     The defendants failed to intervene to prevent the unlawful conduct described herein.

54.     As a result of the foregoing, plaintiff was subjected to excessive force, her liberty

8

was restricted for an extended period of time, she was put in fear of her safety, she was humiliated and subjected to handcuffing and other physical restraints, arrested, and maliciously issued process.

55.     As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

58.     As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants, collectively and individually, while acting under color of state law,

9

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

63.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

65.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff

10

MELISSA ROSALES was subjected to excessive force.

66.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

67.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right to be free from excessive force.

68.     As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Within ninety (90) days after the claim herein accrued, plaintiff MELISSA ROSALES duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

71.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

73.     Plaintiff MELISSA ROSALES has complied with all conditions precedent to maintaining the instant action.

74.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR SIXTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

75.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     As a result of the foregoing, plaintiff MELISSA ROSALES was placed in apprehension of imminent harmful and offensive bodily contact.

77.     As a result of defendant's conduct, plaintiff MELISSA ROSALES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

78.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

79.     As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendants made offensive contact with plaintiff MELISSA ROSALES without privilege or consent.

12

82.     As a result of defendants' conduct, plaintiff MELISSA ROSALES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

83.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

84.     As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendants unlawfully imprisoned plaintiff MELISSA ROSALES without probable cause.

87.     Plaintiff MELISSA ROSALES was detained against her will for an extended period of time and subjected to physical restraints.

88.     As a result of the aforementioned conduct, plaintiff MELISSA ROSALES was unlawfully imprisoned in violation of the laws of the State of New York.

89.     As a result of the aforementioned conduct, plaintiff MELISSA ROSALES suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

90.     Defendant City, as employer of the each of the individually named defendant

officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

91.     As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, prosecution, and use of force against plaintiff MELISSA ROSALES.

94.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

95.     As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

14

paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, prosecution, and use of force against plaintiff MELISSA ROSALES.

98.     As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.     Plaintiff MELISSA ROSALES'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

101.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' negligence under the doctrine of *respondeat superior*.

102.     As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

103.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    As a result of defendants' conduct, plaintiff MELISSA ROSALES was deprived of her right to security against unreasonable searches, seizures, and interceptions.

105.    As a result of the foregoing, plaintiff MELISSA ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated:  New York, New York
        November 29, 2017

                          BRETT H. KLEIN, ESQ., PLLC
                          Attorneys for Plaintiff MELISSA ROSALES
                          305 Broadway, Suite 600
                          New York, New York 10007
                          (212) 335-0132

                  By:     ____s/ Brett Klein_____
                          BRETT H. KLEIN (BK4744)

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MELISSA ROSALES,

                              Plaintiff,

                                                  17 CV 2567

       -against-                                     (NG) (JO)

CITY OF NEW YORK, THOMAS CHAN, Individually,
CARLOS CHU, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                              Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132